**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 31 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MARC A. WICHANSKY, a natural person; United States of America, ex rel.,

Plaintiff-Appellant,

v.

ZOEL HOLDING COMPANY, INC., et al,

Defendants-Appellees.

No.   14-17528

D.C. No. 2:13-cv-01924-DGC

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
David G. Campbell, District Judge, Presiding

Argued and Submitted April 4, 2017
Pasadena, California

Before:  WARDLAW and CALLAHAN, Circuit Judges, and KENDALL,[**] District Judge.

Marc Wichansky ("Wichansky") appeals the district court's order granting

Defendants-Appellees' ("Defendants") motion to dismiss Wichansky's False

_____

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable Virginia M. Kendall, United States District Judge for the Northern District of Illinois, sitting by designation.

Claims Act ("FCA") qui tam action. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse and remand.

Defendants moved to dismiss Wichansky's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendants argued that Wichansky's FCA action was barred by the public disclosure bar. Defendants asserted that Wichansky's allegations failed to establish that he was an original source, and attached exhibits to demonstrate that the allegations in the complaint had been disclosed through the first federal action and a news article. Wichansky responded by arguing the merit of his allegations, and by attaching an exhibit. Without further notice to the parties, the district court treated the motion as a factual attack brought under Rule 12(b)(1), considered factual matters outside the pleadings, and dismissed without leave to amend.

The district court correctly found that the applicable version of the FCA is the version predating the 2010 amendments to the statute and that the public disclosure bar is therefore jurisdictional. *See Prather v. AT&T, Inc.*, 847 F.3d

1097, 1102–03 (9th Cir. 2017). Accordingly, the district court did not err in addressing the motion under Rule 12(b)(1) rather than Rule 12(b)(6).[1]

"A Rule 12(b)(1) jurisdictional attack may be facial or factual. In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (citation omitted). The moving party may "convert[] the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court . . . ." *Savage v. Glendale Union High Sch., Dist. No. 205*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003). And, as a general matter, a district court deciding a factual attack on jurisdiction "need not presume the truthfulness of the plaintiffs' allegations" and may "look beyond the complaint . . . without having to convert the motion into one for summary judgment." *United States ex rel Meyer v. Horizon Health Corp.*, 565 F.3d 1195,

---

[1] We note, however, that the district court proceeded to analyze whether Wichansky qualifies as an original source by quoting and referring to the post-amendment statutory language. On remand, the district court must apply the pre-2010 amendments version of the statutory language.

1200 n.2 (9th Cir. 2009) (citation omitted), *overruled on other grounds by United States ex rel. Hartpence v. Kinetic Concepts, Inc.*, 792 F.3d 1121 (9th Cir. 2015).

But here, whether Defendants' motion posed a facial or a factual attack was ambiguous, and neither Defendants nor Wichansky appears to have contemplated that the court would resolve this issue on an exclusively factual basis. The district court thus erred in construing Defendants' motion to dismiss as a factual, rather than facial, attack under Rule 12(b)(1), and in relying on factual materials to conclude that Wichansky "failed to meet his burden of showing by a preponderance of the evidence that he is an original source as defined in the FCA." Making this determination on the basis of an ambiguous motion denied Wichansky adequate notice and opportunity to bring forward factual matters pertinent to the dispositive issue of whether he qualified as an "original source" under the FCA and thus could avoid the public disclosure bar to FCA qui tam actions. *See* 31 U.S.C. § 3730(e) (2006).

**REVERSED and REMANDED.**